STATE of Tennessee, Appellee,

v.

Dana K. KYTE, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Aug. 24, 1993.

Permission to Appeal Denied by Supreme Court Dec. 28, 1993.

Robert G. Lincoln, Sherrod, Stanley & Lincoln, Johnson City, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Jeannie Kaess, Asst. Atty. Gen., Nashville, Joe C. Crumbley, Jr., Asst. Dist. Atty. Gen., Jonesborough, for appellee.

## OPINION

WADE, Judge.

The defendant, Dana K. Kyte, entered pleas of guilt to driving under the influence, first offense, and vehicular assault. The trial court imposed sentences of 11 months and 29 days for the DUI offense and two years for the vehicular assault. All but 100 days of the sentence, 10 for the DUI and 90 for the vehicular assault, were suspended. Probation, conditioned upon counselling, alcohol and drug tests, and 30 days' community service, extended over a four-year period.

In this appeal, the defendant contends that the jail sentence is excessive and that the trial court should have agreed to expunge his conviction for vehicular assault. The state appeals the trial court's order permitting the defendant a restricted driver's license for service of a minimum sentence in a DUI offense.

On December 22, 1991, the defendant, while under the influence of an intoxicant, had an automobile accident in Washington County. He and his date, Roxanna Whittington, had just left a Christmas party at which both had consumed alcoholic drinks. In the accident, the victim was seriously injured. She has facial scars; her spleen had to be removed. Apparently, the defendant was initially hesitant to provide her with assistance. He hid a cooler containing alcoholic beverages in a nearby field. Two passers-by had to convince the defendant to allow the victim to be taken to the hospital. The defendant, who was also injured in the accident, then told authorities someone else had been driving.

The defendant, a farmer and surveyor, admitted during the submission hearing that he was intoxicated on the night of the accident. Visibility was poor and the defendant drove his vehicle into a roadside embankment. He claimed that immediately after the accident, he asked the victim if she was "all right" and she responded in the affirmative. The defendant admitted, however, that he had at first lied to officers when asked whether he was the driver. His blood alcohol content was .20.

The defendant and the victim had dated off and on for four years. The victim was aware that the defendant had been drinking and did not have her seat belt on at the time of the accident. At the time of the sentencing hearing, the defendant's insurance company had paid the victim's medical bills.

Several witnesses testified that the defendant was a good neighbor, helpful, trustworthy, and of good general character. Although there were conflicting reports, the victim had abandoned her modelling career, partially due to the nature of her injuries. The victim was not supportive of the defendant's request for probation.

When a challenge is made to the length, range, or manner of service of a

sentence, it is the duty of this court to conduct a "de novo review ... with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn.Code Ann. § 40–35–401(d).

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn.Code Ann. §§ 40–35–102, –103, and –210.

■ Among the factors applicable to the defendant's application for probation are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and best interest of the defendant and the public. *State v. Grear*, 568 S.W.2d 285 (Tenn.1978), *cert. denied*, 439 U.S. 1077, 99 S.Ct. 854, 59 L.Ed.2d 45 (1979). Especially mitigated or standard offenders convicted of Class C, D or E felonies are presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn.Code Ann. § 40–35–102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn.Code Ann. § 40–35–303(a). The ultimate burden of establishing suitability for probation, however, is still upon the defendant. Tenn.Code Ann. § 40–35–303(b). The DUI offense is, of course, a misdemeanor with a forty-eight hour minimum jail term. Tenn.Code Ann. § 55–10–401, –403. Vehicular assault is a Class D felony with a sentence range of two to four years. Tenn.Code Ann. § 39–13–106; § 40–35–112(a).

■ The defendant, now 33 years of age, has a high school diploma. He is employed and has no prior criminal offenses. The record establishes that the defendant has an excellent potential for rehabilitation. His present condition and social history are positive indicators.

■ On the other hand, the nature and circumstances of the crimes are serious. The defendant initially denied responsibility for his actions. He attempted to hide evidence of his crime. As to the vehicular assault, the personal injuries inflicted upon the victim qualify as particularly great. Tenn.Code Ann. § 40–35–114(6). Because of the serious nature of the injuries suffered by the victim, immediate probation may tend to depreciate the seriousness of the offenses. A period of confinement may also provide an effective deterrent to others who would choose to drive while under similar circumstances. Although the trial court did not specifically mention either enhancement or mitigating factors, we may, in our *de novo* review, consider those factors supported by the record. *State v. Pearson*, 858 S.W.2d 879 (Tenn.1993). Accordingly, we find that the record supports the trial court's denial of immediate probation and the imposition of a sentence of split confinement. The defendant has failed to overcome the presumptive correctness of the sentence.

■ The defendant applied for pre-trial diversion. The district attorney general denied the request. The record is devoid of any indication that the defendant applied to the trial court for any review of the denial. *See* Tenn.Code Ann. § 40–15–105. In order to preserve the issue to this court, there must be an application under either Rule 9 or Rule 10 of the Tennessee Rules of Appellate Procedure prior to any conviction. Otherwise, the question is moot. *State v. Montgomery*, 623 S.W.2d 116, 118 (Tenn.Crim. App.1981); *State v. Nabb*, 713 S.W.2d 685, 686 (Tenn.Crim.App.1986).

■ There is, however, a judicial diversion. Tenn.Code Ann. § 40–35–313. Upon a finding of guilt by plea or trial, the trial judge has the authority to place a defendant on probation without the imposition of a conviction. Upon successful completion of all probationary conditions, the charge will be dismissed. As an alternative to pre-trial diversion, defendant appears to have sought that measure of relief.

Our court has concluded that judicial diversion is similar in purpose to the pretrial diversion program. The grant or denial is, therefore, discretionary with the trial court. If there is "any substantial evidence to support the refusal," the trial court's decision will be upheld. *Cf. State v. Hammersley,* 650 S.W.2d 352, 356 (Tenn.1983). That conclusion can be overturned only in the event of the trial court's abuse of discretion. *State v. Anderson,* 857 S.W.2d 571 (Tenn. Crim.App.1992).

We find no such abuse in this instance. While the defendant, as a first offender, qualifies for judicial diversion as to the vehicular assault, the circumstances of the offense may alone serve as the basis for denial. *Cf. State v. Sutton,* 668 S.W.2d 678 (Tenn.Crim.App.1984). There is evidence to support the judgment of the trial court.

Finally, the state asserts that the trial court had no authority to issue a restricted license. The applicable statute provides as follows:

> If during a course of conduct which was the basis for a driver's conviction under §§ 55–10–401—55–10–404, another person is killed or suffers serious bodily injury as a proximate result of such driver's intoxication, such driver shall not be eligible for and the court shall not have the authority to grant the issuance of a restricted motor vehicle operator's license until such time as the period of suspension mandated by subsection (a) has expired notwithstanding the fact that it may be the driver's first such conviction.

Tenn.Code Ann. § 55–10–403(d)(2) (Supp. 1991). Because the period of license suspension is one year, the trial court, in our view, lacked authority to issue the restricted license on August 7, 1992.

The convictions and the sentences are affirmed. The judgment is reversed insofar as it permitted the defendant a restricted driver's license.

BIRCH, J., and JOE D. DUNCAN, Special Judge, concur.