IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 26, 2000, Session

## STATE OF TENNESSEE v. WILLIAM BLAINE CAMPBELL

**Appeal from the Criminal Court for Washington County**
**No. 23956     Lynn W. Brown, Judge**

_____

**No. E1999-02208-CCA-R3-CD**
**September 29, 2000**
_____

The defendant appeals the sentence imposed for the offense of furnishing alcohol to a minor. The defendant contends that he should have been granted judicial diversion and full probation. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Mark D. Slagle, Johnson City, Tennessee, attorney for appellant, William Blaine Campbell.

Paul G. Summers, Attorney General and Reporter; R. Stephen Jobe, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; and Victor J. Vaughn, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, William Blaine Campbell, appeals as of right from the sentence imposed by the trial court for the offense of furnishing alcohol to a minor, a Class A misdemeanor. The defendant was sentenced to eleven months, twenty-nine days, with fourteen days to be served in jail and the remainder to be served on probation. On appeal, the defendant contends that the trial court erred in denying him judicial diversion or full probation.

The defendant was indicted on eight counts of especially aggravated sexual exploitation of a minor and one count of contributing to the delinquency of a minor. After the trial court granted the defendant's motion to suppress evidence, the state and the defendant agreed to proceed by information upon a charge of furnishing alcohol to a minor, dismissing all nine counts of the indictment. The defendant entered a guilty plea to this charge but did not acknowledge guilt. See North Carolina v. Alford, 400 U.S. 25, 37, 91 S. Ct. 160, 167 (1970); Dortch v. State, 705 S.W.2d 687, 689 (Tenn. Crim. App. 1985). The trial court accepted the plea. The defendant requested judicial diversion and, alternatively, probation. The trial court held a sentencing hearing on these

requests and denied judicial diversion but granted probation, subject to the defendant serving fourteen days in jail.

At the sentencing hearing, the defendant was the only witness, and he testified that he taught at East Tennessee State University School for seventeen years. He stated that one of his students, Sam Harris, had written an extortion note, demanding $36,820. The note alleged that the defendant had sexually assaulted Harris. The defendant said that the allegations in the note were completely false and that, after unsuccessfully attempting to resolve the matter with Harris and Harris's mother, he took the note to the Johnson City Police Department. The defendant testified that the police got a search warrant and searched his home. The search uncovered two videotapes of Harris in the nude. The defendant said that he did not make the videotapes and had no knowledge of their existence until they were found in his house. He stated that he believed that someone planted the tapes in his house, commenting that a neighbor once saw Harris's car at his house. The defendant said that he did not furnish alcohol to a minor, although he knew that Harris; Tamara Baker, Harris's ex-girlfriend; and Ritchie Wiseman, Harris's best friend, would testify that he did. He said that he was entering an Alford plea just to end the entire matter.

## I. JUDICIAL DIVERSION

The defendant contends that the trial court abused its discretion in denying him judicial diversion. The defendant argues that (1) the court improperly considered the sexual offenses that had been dismissed; (2) the court incorrectly found that the defendant abused a position of trust; and (3) the court incorrectly determined that the defendant was not amenable to correction.

The decision whether to grant or deny judicial diversion is within the sound discretion of the trial court and can only be overturned on appeal by the showing of an abuse of discretion. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). We will not interfere with a denial of judicial diversion "if there is 'any substantial evidence to support the refusal' contained in the record." Id. (quoting State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992)).

In making its determination, the trial court must consider the following factors:

(a) the accused's amenability to correction; (b) the circumstances of the offense; (c) the accused's criminal record; (d) the accused's social history; (e) the status of the accused's physical and mental health; and (f) the deterrence value to the accused as well as others. The trial court should also consider whether judicial diversion will serve the ends of justice–the interests of the public as well as the accused.

State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993) (citing State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983)). Further, if the trial court refuses to grant judicial diversion, then it is required to place in the record specific reasons for its determination. Bonestel, 871 S.W.2d at 169.

In the present case, the trial court considered each of the above factors and placed its findings in the record as follows: First, the trial court found that the defendant's amenability to correction weighed against granting judicial diversion because the defendant, although having pled guilty to furnishing alcohol to a minor, still insisted that he did not commit the offense. The court found that this denial of guilt made the defendant's amenability to correction questionable. Second, the trial court found that the circumstances of the offense of furnishing alcohol to a minor weighed against the defendant. The court focused on the abuse of a position of trust that was involved in this offense. Third, the trial court found that both the defendant's clean criminal record and his productive social history weighed in his favor. Next, the trial court stated that because there was not a mental evaluation of the defendant available, the physical and mental health of the defendant was a neutral factor. The trial court also found that deterrence was not a factor in this case. Finally, the trial court found that it was in the strong interests of the public not to tolerate teachers furnishing alcohol to students. In its conclusion, the court stated that after weighing all of these factors, it was denying judicial diversion, emphasizing the fact that the defendant had abused a position of public trust.

The defendant asserts that the trial court reached its conclusion based, in part, on the nature of the sexual offenses that had been dismissed. Before the defendant testified, the trial court inquired about what the state's witnesses would have testified concerning the sexual offenses that had been dismissed. Further, during and after the defendant's testimony in which he gave his version of the dismissed offenses, i.e., that he did not commit the acts alleged, the trial court commented on several occasions about the underlying offenses. These comments were largely in response to the testimony of the defendant.

First, we do not believe that the trial court is prohibited in a sentencing hearing from considering evidence about other purported offenses even if charges regarding those offenses have been dropped. Obviously, the trial court in the present case could not consider evidence obtained in violation of the defendant's constitutional rights, but the record does not reflect that it relied upon the suppressed evidence. See Tenn. Code Ann. § 40-35-209(b). In fact, the trial court stated that it was inappropriate to consider such evidence. In any event, we note that the factors that the trial court listed in considering diversion did not relate to the dismissed crimes. We conclude that the trial court did not improperly consider the dismissed offenses.

The defendant also argues that the trial court abused its discretion in denying judicial diversion because it improperly relied on abuse of trust as a factor in its decision. However, the defendant's abuse of trust is relevant to the circumstances of the offense. See, e.g., State v. David E. Smith, Jr., No. 01C01-9805-CR-00224, Davidson County, slip op. at 9 (Tenn. Crim. App. June 9, 1999); see also State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996) (finding abuse of trust as part of the circumstances of the offense in a probation determination). Thus, the trial court appropriately considered abuse of trust.

The defendant also argues that even if an abuse of trust is an appropriate consideration, it does not exist in the present case. The defendant admits that the teacher-student relationship is one of trust, but asserts that the court must find that the defendant abused his position during the commission of the offense. Here, the defendant entered an Alford plea to the offense of furnishing

alcohol to a minor. Moreover, he stipulated that the state's proof would have been that he, a public school teacher, provided alcohol to several of his students during a party hosted by him. These circumstances indicate that the defendant abused his position of trust.

The defendant's last argument on the judicial diversion issue is that the trial court improperly determined that he was not amenable to correction. We note, though, that the trial court stated only that his amenability to correction was questionable. It based its concerns upon the evidence showing the defendant to be in denial. The defendant asserts that the mere fact that he entered an Alford plea is insufficient to justify a finding that he was not amenable to correction.

When a trial court exercises its discretion to accept an Alford plea, we question its use of the defendant's mere assertion of innocence at the time of the plea as a basis for denying diversion or probation because of a lack of amenability to correction. See, e.g., State v. Andrew H. Leone, No. 02C01-9206-CR-00148, Shelby County, slip op. at 7 (Tenn. Crim. App. Sept. 29, 1993). However, the trial court need not ignore the evidence, including the defendant's testimony at the sentencing hearing. In the present case, the defendant testified regarding many things and denied that any wrong doing by him ever happened. It is apparent that the trial court did not credit all that the defendant claimed. The record supports the trial court's concern regarding amenability to correction.

In any event, the trial court based its denial of diversion primarily upon its determination that the defendant abused his position of trust as a teacher by providing alcohol to minor students. In this respect, we note that "the circumstances of the offense may alone serve as the basis for denial" of judicial diversion. State v. Kyte, 874 S.W.2d 631, 634 (Tenn. Crim. App. 1993); see also David E. Smith, Jr., slip op. at 9. The trial court also found that granting diversion would be against the strong interests of the public in not tolerating such behavior by their teachers. Sufficient evidence exists in the record to support the denial of diversion.

## II. FULL PROBATION

The trial court granted the defendant probation but ordered him to serve fourteen days in confinement. The defendant contends that the trial court erred in requiring any confinement. The defendant specifically asserts that the trial court failed to consider the applicable sentencing considerations.

In reviewing whether the trial court properly sentenced the defendant, we conduct a de novo review of the record with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption of correctness is conditioned upon the affirmative showing that the trial court considered the relevant facts, circumstances, and sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The defendant first argues that the presumption of correctness cannot be applied in this case because the trial court failed to discuss all of the enhancing and mitigating factors. This argument is without merit. In misdemeanor sentencing, a trial court is required to consider these factors, but it is not required to place specific findings on the record. State v. Troutman, 979 S.W.2d 271, 274

(Tenn. 1998). Therefore, the presumption of correctness applies in this misdemeanor sentencing case.

The defendant next argues that the trial court failed to consider the appropriate sentencing considerations for imposing a sentence involving confinement under Tenn. Code Ann. § 40-35-103:

> (1) Sentences involving confinement should be based on the following considerations:
>> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

In the present case, sections (A) and (C) are inapplicable. In fact, the trial court stated that the defendant had no criminal record.

The defendant argues that section (B) also does not apply. Section (B) contains two sentencing considerations for confinement. The first is that confinement is necessary to avoid depreciating the seriousness of the offense. Although the trial court did not specifically state this consideration in similar words, it concluded that the public had a strong interest in not having teachers furnish alcohol to students. Section (B)'s second consideration is that confinement is appropriate when it is "particularly suited to provide an effective deterrence to others likely to commit similar offenses." The trial court stated that deterrence was not a factor, noting that there was no indication that the offense was a problem in the community.

In our de novo review, we conclude that the trial court was justified in requiring fourteen days in confinement. In the context of the circumstances of the offense, when a teacher supplies alcohol to his students, it is a particularly aggravated form of the offense of furnishing alcohol to a minor. Its seriousness should not be depreciated. Moreover, contrary to the trial court's view, we believe that confinement is particularly suited to deter other teachers from furnishing alcohol to their minor students. Under these circumstances, the defendant's confinement is justified.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

 

_____
JOSEPH M. TIPTON, JUDGE