IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 25, 2005

**STATE OF TENNESSEE v. JOANNE HURST**

**Direct Appeal from the Criminal Court for Knox County**
**No. 72712     Ray L. Jenkins, Judge**

---

**No. E2004-01425-CCA-R3-CD - Filed April 21, 2005**

---

The appellant pled guilty to aggravated assault. At sentencing, the trial court imposed a three-year sentence to be served on probation. In this appeal, the appellant argues the trial court erred by denying judicial diversion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Mark E. Stephens, District Public Defender, and Robert C. Edwards, Assistant Public Defender, Knoxville, Tennessee, for the appellant, Joanne Hurst.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and Deborah Herron, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On March 29, 2004, the appellant entered a written guilty plea to aggravated assault, a Class C felony, in the Knox County Criminal Court. No testimony was presented at the sentencing hearing, and the parties relied only on the presentence report. The report reveals that on June 25, 2000, the appellant attempted to run over her former boyfriend four times with her vehicle in an Applebees parking lot. According to the victim, the appellant repeatedly put the car in reverse, backed up, put the car in drive, and attempted to run over him. At least ten people witnessed the assault, including the manager of the restaurant, who came outside and yelled at the appellant. According to the appellant's statement in the report, she took her young daughter to Applebees in order to meet the victim, the child's father, for dinner. When they arrived, the victim was there with another woman. The victim asked the appellant to leave their daughter with him, but the appellant

refused. When the appellant attempted to leave, the victim moved in front of and behind her car, preventing her from leaving the parking lot. The victim finally moved out of the way, and the appellant was able to drive to a friend's house. The appellant stated she had lost custody of her daughter and was afraid of the victim.

The presentence report reveals that the then thirty-year-old appellant graduated from high school and has no prior criminal history. She reported that she was in good physical and mental health and denied abusing alcohol or drugs. According to the report, the appellant has been employed as a title clerk or salesperson at various car dealerships since September 2001. She reported that she was paying child support, was having a difficult time paying her bills, and had no money. The report classified the appellant as a "medium risk candidate for judicial diversion."

The appellant's attorney argued that judicial diversion was appropriate because the appellant had "gradually come to accept her responsibility for this situation" and was going to leave the victim alone. The State argued that although the appellant's lack of a criminal history made her a good candidate for probation, judicial diversion was inappropriate because the appellant had tried to run over the victim four times and had not accepted responsibility for her actions. In sentencing the appellant, the trial court simply stated as follows:

> Well, Mr. Edwards, your advocacy is admirable; however, four times with an automobile is not the hallmark of a candidate for judicial diversion. I'll place her on probation, and I may even discuss it with you again on a Rule 35 motion. I don't know. But I can't do it offhand. Okay.

## II. Analysis

The appellant contends that the trial court erred by denying judicial diversion. She argues that the trial court focused only on the nature and circumstances of the crime and failed to consider and weigh all of the appropriate factors. While we agree with the appellant that the record does not reflect that the trial court considered and weighed all of the relevant factors, we hold that the trial court properly denied diversion in this case.

A defendant is eligible for judicial diversion when he or she is found guilty or pleads guilty to a Class C, D, or E felony and has not previously been convicted of a felony or a Class A misdemeanor. See Tenn. Code Ann. § 40-35-313(a)(1)(B). It is within the trial court's discretion to grant or deny judicial diversion. See State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). As such, the trial court's decision will be overturned only if the court abused its discretion. Id. In other words, we will not interfere with the denial of judicial diversion if the record contains any substantial evidence to support the trial court's refusal to grant diversion. Id. Moreover, we observe that "judicial diversion is similar in purpose to pretrial diversion and is to be imposed within the discretion of the trial court subject only to the same constraints applicable to prosecutors in

applying pretrial diversion under [Tennessee Code Annotated section] 40-15-105." State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992).

In determining whether to grant a defendant judicial diversion, the trial court must consider all of the following factors: (1) the defendant's amenability to correction, (2) the circumstances of the offense, (3) the defendant's criminal record, (4) the defendant's social history, (5) the status of the defendant's physical and mental health, and (6) the deterrence value to the defendant and others. State v. Lewis, 978 S.W.2d 558, 566 (Tenn. Crim. App. 1997). "The trial court should also consider whether judicial diversion will serve the ends of justice--the interests of the public as well as the accused." Id. The record must reflect that the trial court has taken all of the factors into consideration. State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998). Furthermore, "the court must explain on the record why the defendant does not qualify under its analysis, and if the court has based its determination on only some of the factors, it must explain why these factors outweigh the others." Id.

Initially, we note that the appellant has failed to include the guilty plea hearing transcript in the appellate record. The burden is upon the appellant to ensure that the record before this court conveys a fair, accurate, and complete account of what transpired in the court below with respect to those issues that are the bases of appeal. Tenn. R. App. P. 24(b); see also State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993). While some of the basic facts underlying the appellant's offense appear in the indictments and the presentence report, "a transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed." State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). In any event, based upon the record before us, we conclude that the trial court properly denied the appellant's request for judicial diversion.

In denying diversion, the trial court gave great weight to the circumstances of the offense and concluded that the factor warranted the denial. We note that "the circumstances of the offense may alone serve as the basis for denial." State v. Kyte, 874 S.W.2d 631, 634 (Tenn. Crim. App. 1993). However, the record does not reflect that the trial court considered and weighed the remaining factors in reaching its determination. We recognize that the appellant's lack of a criminal history, good employment record, support of her young daughter, and good physical and mental health weigh in favor of granting diversion. However, as pointed out by the trial court, the appellant tried to run over the victim repeatedly in front of many witnesses. She originally was charged with two counts of aggravated assault, one count of reckless endangerment, and one count of harassment for making harassing telephone calls to the victim but pled guilty only to one count of aggravated assault. She has shown no remorse for her crime and has taken no responsibility for her actions. See State v. Anderson, 857 S.W.2d 571, 574 (Tenn. Crim. App. 1992) (providing that a trial court may consider a defendant's failure to accept responsibility for the crime when determining the potential for rehabilitation). We conclude that these negative factors outweigh the positive factors and that granting judicial diversion would not promote the ends of justice in this case.

### III.  Conclusion

Finding no reversible error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE