# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### April 19, 2005 Session

## STATE OF TENNESSEE v. KENNETH CARTER

**Appeal from the Criminal Court for Shelby County**
**No. 04-02596    James C. Beasley, Jr., Judge**

---

### No. W2004-01627-CCA-R3-CD  - Filed May 5, 2005

---

The defendant, Kenneth Carter, was indicted along with the co-defendant, Varnard Wheeler, for theft of property over $60,000. By agreement with the state, the defendant pled guilty to a reduced charge of attempt to commit theft of property over $60,000, a Class C felony with a Range I sentence of six years. The trial court denied judicial diversion and ordered a sentence of ninety days in jail followed by supervised probation. In this appeal of right, the defendant argues that the trial court erred first by denying judicial diversion and second by denying immediate probation.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Ronald T. Riggs, Memphis, Tennessee, for the appellant, Kenneth Carter.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General; and Dennis Johnson and Paul Goodman, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

The defendant, a fork lift operator with Cingular Wireless in Memphis, developed a plan with his co-defendant, Varnard Wheeler, to steal a number of cellular phones from their employer, sell them on the street, and divide the proceeds. On January 4, 2003, an undercover detective of the Memphis Police Department arrested the defendant as he and Wheeler unloaded the phones from a truck into personal vehicles at the A.A. Market on East Shelby Drive. The accumulated value of the phones was $179,280.

The defendant, age thirty-eight, graduated from Tilden Technical School of Chicago, Illinois in 1986. The pre-sentence report indicates that he is married, has a son and two daughters, and has no prior criminal record. At the time of his guilty plea, he was employed as a fork lift operator

through Paramount Staffing and earned $1,440 per month. At the time of the offense, the defendant had an hourly wage of $13.07, had health insurance, and had a retirement program through Cingular Wireless, where he had worked for four years.

After hearing the testimony of the defendant, the trial court, citing the enormity of the crime, denied judicial diversion. The court granted probation after ninety days of incarceration, providing the defendant with the option of serving his time on weekends so that he could maintain his employment.

In this appeal of right, the defendant argues that he warrants a second chance. Because of his lack of a prior criminal record he contends that the trial court failed to adequately consider judicial diversion. As his second issue, the defendant asserts that the trial court erred by denying his request for immediate probation. The state submits that the denial of diversion and immediate probation was proper.

As to the first issue, the judicial diversion statute provides that after an adjudication of guilt, a trial court may defer entry of judgment until a defendant successfully completes a diversion program or violates a condition of his release. See Tenn. Code Ann. § 40-35-313. If a defendant is successful, the statute provides for expungement from "all official records . . . all recordation relating to the person's arrest, indictment or information, trial, finding of guilty, and dismissal and discharge pursuant to this section." Tenn. Code Ann. § 40-35-313(b). The effect of dismissal under the diversion statute "is to restore the person, in the contemplation of the law, to the status the person occupied before such arrest or indictment or information." Id.

A defendant who meets the prerequisites of section 40-35-313(a)(1)(B)(i) is not entitled to judicial diversion as a matter of right. State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993). The decision to grant or deny judicial diversion rests within the sound discretion of the trial court and will be overturned only after a finding of an abuse of that discretion. Id. "This Court . . . will not interfere with the refusal of the trial court to grant judicial diversion if there is 'any substantial evidence to support the refusal' contained in the record." Id. (quoting State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992)).

The criteria that the trial court must consider in deciding whether to grant or deny judicial diversion include: (a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the status of the accused's physical and mental health, and (f) the deterrence value to the accused as well as others. See State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983). In addition, the trial court should determine whether judicial diversion will serve the ends of justice. Id. The trial court must consider all of the enumerated criteria and must clearly articulate on the record the specific reasons for its determination. See State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989); State v. Markham, 755 S.W.2d 850, 853 (Tenn. Crim. App. 1988). If the trial court fails to place the reason for the denial of diversion on the record, this court must review the evidence to "'determine whether the trial court reached the correct result notwithstanding its failure to explain its reasoning.'" See State v. Larry

Eldon Shannon,  No. M2000-00985-CCA-R3-CD (Tenn. Crim. App., at Nashville, July 27, 2001) (quoting State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998)).

As to the request for diversion, most of the factors weighed in the defendant's favor.  He was in good health.  He was gainfully employed and had a reasonably good educational background and family support.  Nevertheless, even when a defendant, as a first offender, qualifies for judicial diversion, "the circumstances of the offense may alone serve as the basis for denial."  State v. Kyte, 874 S.W.2d 631, 634 (Tenn. Crim. App. 1993); see also State v. Sutton, 668 S.W.2d 678, 680 (Tenn. Crim. App. 1984).  Without going into detail, this crime required careful planning, required the involvement of others, and involved personal property having major value.  Under these circumstances, it is our view that the trial court did not err by denying judicial diversion.

The probation issue involves a similar analysis.  When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct.  Tenn. Code Ann. § 40-35-401(d).  This presumption is "conditioned upon  the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances."  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994).  "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls."  State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).  The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.  Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment.  Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are, of course, presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary."  Tenn. Code Ann. § 40-35-102(6).  With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less.  Tenn. Code Ann. § 40-35-303(b).  The trial court's determination of whether the defendant is entitled to an alternative sentence and whether the defendant is a suitable candidate for full probation are different inquiries with different burdens of proof.  State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996).  When, as here, the defendant is entitled to the statutory presumption favoring alternative sentencing, the state must overcome the presumption by the showing of "evidence to the contrary."  Tenn. Code Ann. §§ 40-35-102(6), -103; Ashby, 823 S.W.2d at 169; see also State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), overruled in part on other grounds by State v. Hooper, 29 S.W.3d 1 (Tenn. 2000).  Conversely, it is the

defendant who has the burden of demonstrating his suitability for total probation. Bingham, 910 S.W.2d at 455; see Tenn. Code Ann. § 40-35-303(b).

Among the factors applicable to probation consideration are the circumstances of the offense, the defendant's criminal record, social history and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978). The nature and circumstances of the offense may often be so egregious as to preclude the grant of probation. See State v. Poe, 614 S.W.2d 403, 404 (Tenn. Crim. App. 1981). A lack of candor may also militate against a grant of probation. State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983). Moreover, in Ashby, our supreme court encouraged the grant of considerable discretionary authority to our trial courts in matters such as these. 823 S.W.2d at 171; see State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). "Each case must be bottomed upon its own facts." State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). "It is not the policy or purpose of this court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers." Ashby, 823 S.W.2d at 171.

In this instance, the defendant was convicted of a Class C felony. Because he was sentenced to serve six years, he was eligible for probation. The trial court made reference to the fact that the defendant, who had a good job with full benefits from his employer over a four-year period of time, nevertheless chose to plan a heist of cell phones having a value of nearly $180,000. The trial court pointed out that the loss is passed on to the community in the sense that "the cost eventually gets jacked up for everybody because of thieves who steal." While the trial court did make reference to "thefts that go on continually in our community" and while the defendant complains that deterrence was not properly established as a ground for denial, the ruling of the trial court, which granted partial probation, based the denial of full and immediate probation on "the enormity of this offense," that is, the circumstances of the crime.

As stated, the defendant had a good work record other than this offense. He had a home and family and no significant prior criminal history. On the other hand, he planned a major theft from his employer with another employee over an extended period of time. This was not a crime of impulse. His activities involved a significant breach of his duty of loyalty to his employer. The market value of the stolen property was great. In our view, the nature and circumstances of the crime warranted the denial of full and immediate probation.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-4-