# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 25, 2014 Session

## STATE OF TENNESSEE v. ANTHONY ADINOLFI

**Appeal from the Circuit Court for Sullivan County**
**No. S59, 796    Honorable R. Jerry Beck, Judge**

---

**No. E2013-01286-CCA-R3-CD - Filed June 2, 2014**

---

The Defendant, Anthony Adinolfi, entered an <u>Alford</u> "best-interest" plea to two counts of solicitation to commit statutory rape, for which he received an effective sentence of 11 months and 29 days to serve at 75%. On appeal, the Defendant contends that the trial court erred in denying his application for judicial diversion and alternative sentencing. Upon our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JEFFREY S. BIVINS and ROGER A. PAGE, JJ., joined.

R. Wayne Culbertson, Kingsport, Tennessee, for the Defendant-Appellant, Anthony Adinolfi.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Barry Staubus, District Attorney General; and Julie Canter, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On October 30, 2012, the Defendant entered a negotiated plea of guilty to two counts of solicitation to commit statutory rape pursuant to <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970). The underlying facts, as summarized by the State at the guilty plea hearing, are as follows:

Sgt. Sam Reed with the Johnson City Police Department contacted the Kingsport Police Department and advised that he had information about possible inappropriate activity occurring between a 16-year-old victim, who will hereafter be referred to as "V.H.," and a 54-year-old male[, the

Defendant]. The information was obtained from an independent witness that the victim, "V.H.," had been receiving inappropriate and sexually explicit text messages from the Defendant[.]

Detective Chris Tincher began the investigation in which he determined that [the Defendant] was also a pastor of a church . . . where the victim had attended on one occasion, and initially began speaking with the Defendant in regards to spiritual advice. Sgt. Reed also informed Detective Tincher that the Defendant had shown up at – at "V.H.'s" bus stop on at least one occasion.

The victim stated that she was in communication many times with the Defendant via text message. The phone records of the Defendant were obtained and depicted approximately 26,000 text messages between the Defendant and "V.H." . . . between August 2010 and October of 2010.

The victim stated that she first began having regular communication with the Defendant in August of 2010, and it continued through October [2010]. The victim further elaborated that at some time in September 2010[,] the Defendant made known to her that he loved her, and wanted a relationship with her, and wanted her to have his children. She also stated that he had made sexual advances that made her feel uncomfortable.

The victim also stated that the Defendant had kissed her on the lips, and additionally told her that he was in love with her near her house one day.

The State would have offered evidence that the victim's testimony is corroborated by the phone records of the Defendant, [and] would have established the offense of solicitation of statutory rape had the crime been completed[.]

Pursuant to the plea agreement, the Defendant received a sentence of 11 months and 29 days for each count, to be served concurrently at 75%. The Defendant agreed to the length of the sentence but sought judicial diversion and alternative sentencing.

At the April 30, 2013 sentencing hearing, the State introduced the Defendant's presentence report, the Defendant's psychosexual risk assessment report, and an impact statement from the victim. The court reviewed the presentence report and noted that the Defendant expressed remorse as evidence by his acknowledgment that he "crossed boundaries that shouldn't have been crossed." The report did not include any criminal history for the Defendant, but the State informed the court that the Defendant had a prior

sexual offense for indecent exposure that was later expunged. The Defendant did not disclose the offense to the probation department but did report it during his psychosexual risk assessment as reflected in the report, which was introduced into evidence without objection from the Defendant. The State also read into the record the victim's impact statement, and the court noted the "emotional impact" the offense had on the victim. The Defendant presented no proof at the hearing other than a certificate of eligibility for judicial diversion from the Tennessee Bureau of Investigation.

At the conclusion of the hearing, the trial court emphasized the fact that the Defendant violated a position of private trust and caused emotional damage to the victim and concluded that judicial diversion and alternative sentencing were not warranted. The court entered the judgment orders on May 1, 2013. On May 24, 2013, the Defendant filed a motion to rehear denial of probation. On May 28, 2013, the Defendant then filed a notice of appeal. Consequently, the trial court denied the motion to rehear for lack of jurisdiction in an order dated June 14, 2013.

## ANALYSIS

On appeal, the Defendant challenges the trial court's denial of judicial diversion and probation or other alternative sentencing. He argues that the trial court committed reversible error by failing to consider all of the required factors for judicial diversion and by failing to consider the sentencing principles underlying probation or alternative sentencing. The State responds that the trial court properly denied diversion and alternative sentencing. Upon review, we agree with the State.

**I. Judicial Diversion.** The Defendant first asserts that the trial court committed reversible error in denying his request for judicial diversion. He maintains that the trial court failed to properly consider and weigh all of the required factors for judicial diversion and failed to state on the record specific reasons supporting its decision. The State responds that the trial court considered all of the appropriate sentencing factors and did not abuse its discretion in denying diversion.

Tennessee Code Annotated section 40-35-313 outlines the requirements for judicial diversion. After a qualified defendant is either found guilty or pleads guilty, a trial court has the discretion to defer further proceedings and place that defendant on probation without entering a judgment of guilt. T.C.A. § 40-35-313(a)(1)(A) (2012). A qualified defendant is defined as a defendant who pleads guilty to or is found guilty of a misdemeanor or a Class C, D, or E felony; is not seeking diversion for a sexual offense as defined in the statute or a Class A or Class B felony; and does not have a prior conviction for a felony or a Class A misdemeanor. Id. § 40-35-313(a)(1)(B)(i) (2012). Upon the qualified defendant completing

a period of probation, the trial court is required to dismiss the proceedings against him. Id. § 40-35-313(a)(2) (2006). The qualified defendant may then request that the trial court expunge the records from the criminal proceedings. Id. § 40-35-313(b) (2012).

Eligibility for judicial diversion does not entitle the defendant to judicial diversion as a matter of right. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). Rather, the statute states that a trial court "may" grant judicial diversion in appropriate cases. See T.C.A. § 40-35-313(a)(1)(A) (2012). In deciding whether a qualified defendant should be granted judicial diversion, the trial court must consider the following factors: (1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; (6) the deterrence value to the defendant and others; and (7) whether judicial diversion will serve the interests of the public as well as the defendant. State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998) (citing Parker, 932 S.W.2d at 958; State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993) (citation omitted), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9-10 (Tenn. 2000)). The trial court may consider the following additional factors: "'[the defendant's] attitude, behavior since arrest, prior record, home environment, current drug usage, emotional stability, past employment, general reputation, marital stability, family responsibility and attitude of law enforcement.'" State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993) (quoting State v. Markham, 755 S.W.2d 850, 852-53 (Tenn. Crim. App. 1988) (citations omitted)). The trial court must weigh all of the factors in determining whether to grant judicial diversion. Electroplating, Inc., 990 S.W.2d at 229 (citing Bonestel, 871 S.W.2d at 168). Finally, "a trial court should not deny judicial diversion without explaining both the specific reasons supporting the denial and why those factors applicable to the denial of diversion outweigh other factors for consideration." State v. Cutshaw, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997) (citing Bonestel, 871 S.W.2d at 168).

Prior to State v. Bise, 380 S.W.3d 682 (Tenn. 2012), the grant or denial of judicial diversion was left to the sound discretion of the trial court. See, e.g., State v. Harris, 953 S.W.2d 701, 705 (Tenn. Crim. App. 1996); State v. Kyte, 874 S.W.2d 631, 634 (Tenn. Crim. App. 1993). So long as the court adhered to the requirements above, this court would conclude that the trial court did not abuse its discretion if the record contained "'any substantial evidence to support the refusal.'" State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992) (quoting State v. Hammersley, 650 S.W.2d 352, 356(Tenn. 1983)). Following Bise, however, a split emerged among the panels of this court as to whether the Bise standard of review – abuse of discretion with a presumption of reasonableness – should replace the traditional standard of review for diversion decisions. See State v. Kiara Tashawn King, No. M2012-00263-SC-R11-CD, 2014 WL 1622210, at *5 (Tenn. April 23, 2014) [hereinafter "King"] (discussing the split among the panels of the Court of Criminal

Appeals). This split was recently resolved by the Tennessee Supreme Court's decision in King, wherein the court concluded that Bise provides the proper standard of review for judicial diversion decisions. Id. at *6. The King Court explained,

> [W]hen the trial court considers the Parker and Electroplating factors, specifically identifies the relevant factors, and places on the record its reasons for granting or denying judicial diversion, the appellate court must apply a presumption of reasonableness and uphold the grant or denial so long as there is any substantial evidence to support the trial court's decision. Although the trial court is not required to recite all of the Parker and Electroplating factors in order to obtain the presumption of reasonableness, the record should reflect that the trial court considered the Parker and Electroplating factors in rendering its decision and that it identified the specific factors applicable to the case before it. Thereafter, the trial court may proceed to solely address the relevant factors.

> If, however, the trial court fails to consider and weigh the applicable common law factors, the presumption of reasonableness does not apply and the abuse of discretion standard, which merely looks for 'any substantial evidence' to support the trial court's decision, is not appropriate. . . . In those instances, appellate courts may either conduct a de novo review or, if more appropriate under the circumstances, remand the issue for reconsideration.

King, 2014 WL 1622210, at *9 (internal citations omitted) (footnote omitted).

With these principles in mind, we turn to the case at hand. The Defendant maintains that the trial court committed reversible error by failing to consider the required factors or properly weigh them before denying judicial diversion. He notes that the psychosexual risk assessment report rated his risk for re-offending at "low-moderate." Further, he expressed remorse for his actions, his criminal history is minimal, and he has a supportive family with whom he lives that can aid in his rehabilitation. Additionally, he asserts that his physical health is poor, and he is currently seeking both physical and mental treatment, which would be interrupted by incarceration. He argues, however, that the court did not consider these positive factors, and thus, improperly denied him judicial diversion. We disagree.

In reviewing the presentence report, the court discussed the circumstances of the offense and acknowledged the Defendant's expression of remorse. After hearing the victim's impact statement, the court noted the negative emotional impact that the incident had on the victim and stated that it considered that as a factor. The court then reviewed the psychosexual risk assessment report, which discussed the Defendant's criminal and substance

abuse history; his family, educational, and employment background; his physical and mental health; his credibility; the circumstances of the instant offense and any prior sexual offenses; and his overall psychosexual history. After reviewing the report, the court noted that the Defendant violated a position of trust and indicated that it considered that "as an adverse factor." The court also summarized the Defendant's social history, physical and mental health, and his background of substance abuse. The court acknowledged the Defendant's prior criminal offense for indecent exposure[1] and the report's assessment that the Defendant had a "low-moderate" risk to re-offend. The court then identified the factors it deemed most relevant and placed those on the record in its final ruling. Specifically, the court stated:

> The victim in this case has suffered, as previously stated. The Defendant has stated his history of sex offense – offending in the [psychosexual risk assessment] report. Evidently volunteered that.
>
> The Court finds the Defendant has violated a [position of] private trust involved with him being a minister at a church where he had – would have exercised control over this child, or at least had an authority figure situation over the child, or in dealing with the child.
>
> [The] Court's going to deny judicial diversion for those reasons.

We acknowledge that the trial court did not explicitly state each factor on the record during its review, and in that regard, we note that the better course for the trial court is to more specifically discuss each factor on the record to aid in appellate review. However, the trial court is not required to "utilize any 'magic words' or specifically reference the case names 'Parker' and 'Electroplating' when discussing the relevant factors in order to receive the presumption of reasonableness." King, 2014 WL 1622210, at *9 n.8. A review of the entire record establishes that the court considered and weighed the required factors, identified those most relevant to the case at hand, and placed on the record its reasons for denying diversion. Id. at *9. Accordingly, the trial court's decision is afforded a presumption of reasonableness, and we must only determine whether there is "any substantial evidence" in the record to support the trial court's decision. See King, 2014 WL 1622210, at *9.

---

[1] The Defendant maintains that this offense was later expunged and argues that it should not have been considered by the trial court in denying diversion. However, in State v. Schindler, the Tennessee Supreme Court held that "testimony and evidence of the criminal acts preceding the arrest are admissible as evidence of prior bad acts or evidence of social history even if expungement is later obtained" and may be considered as a basis to deny diversion. 986 S.W.2d 209, 211-12 (Tenn. 1999). The Defendant admitted this prior offense, and it was documented in the psychosexual risk assessment report, which was admitted into evidence without objection. Therefore, we conclude it was properly considered by the trial court.

The Defendant, 54 years old at the time of the offense, engaged in an inappropriate relationship with a 16-year old child victim. The Defendant was a minister at a church that the victim had attended, and the victim reached out to the Defendant for spiritual guidance prior to the development of the relationship. The victim was greatly impacted by the offense and expressed very negative emotional consequences as a result of the relationship with the Defendant. The trial court highlighted these facts in its ruling, noting that the Defendant violated a position of trust by engaging in the relationship. Like the trial court, we are deeply troubled by the facts of this case and agree that this factor weighs very heavily against diversion. See State v. Brian Carl Lev, No. E2004-01208-CCA-R3-CD, 2005 WL 1703186, at *3 (Tenn. Crim. App. Mar. 22, 2005) ("The denial of judicial diversion may be based solely on the nature and circumstances of the offense, so long as all the other relevant factors have been considered, and this factor outweighs others that might favorably reflect on the [defendant]'s eligibility.") (citing State v. Curry, 988 S.W.2d 153, 158 (Tenn. 1999)). Additionally, the record reflects that the Defendant minimized his responsibility in the instant offense, expressed limited empathy for the victim, has a prior offense for indecent exposure, and has a long history of drug and alcohol abuse. In sum, there is ample evidence in the record to support the trial court's denial of diversion, and as such, we may not revisit the issue. See Electroplating, 990 S.W.2d at 229.

**II. Alternative Sentencing.** The Defendant further contends that the trial court abused its discretion in denying alternative sentencing. He asserts that the trial court failed to consider the purposes and principles of the sentencing act and failed to state on the record its reasoning for denying alternative sentencing. The State responds that the trial court properly considered the appropriate sentencing factors, and therefore, did not abuse its discretion.

As discussed above, the Tennessee Supreme Court has held that the appropriate standard of review for all sentencing decisions is "an abuse of discretion standard of review, granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." Bise, 380 S.W.3d at 707. This abuse of discretion standard of review also applies to a trial court's decision regarding "probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). To date, the Tennessee Supreme Court has not addressed whether the abuse of discretion standard with a presumption of reasonableness applies to misdemeanor sentencing. Notwithstanding, the reasoning espoused in King, that Bise applies to "*all sentencing decisions,*" suggests that it is the appropriate standard of review to apply to misdemeanor sentencing cases as well. See King, 2014 WL 1622210, at *6 (emphasis added). Moreover, this court has recently applied the Bise standard of review to misdemeanor sentencing cases. See State v. Michael Glen Walsh, No. E2012-00805-CCA-R3-CD, 2013 WL 1636661, at *4 (Tenn. Crim. App. Apr. 17, 2013); State v. Sue Ann

Christopher, No. E2012-01090-CCA-R3-CD, 2013 WL 1088341, at *7 (Tenn. Crim. App. Mar. 14, 2013). Accordingly, we will do the same in the instant case.

Misdemeanor sentencing is governed by Tennessee Code Annotated section 40-35-302, which provides, in part, that the trial court shall impose a specific sentence that is consistent with the purposes and principles of the 1989 Sentencing Reform Act. See T.C.A. § 40-25-302(b). The sentencing court is granted considerable latitude in misdemeanor sentencing. State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999) (citing State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998)). The trial court must consider the purposes and principles of sentencing and the appropriate enhancement and mitigating factors, but the court is not required to place specific findings on the record. T.C.A. § 40-35-302(d); Troutman, 979 S.W.2d at 274. "Rather, the court must only avoid arbitrarily imposing incarceration." State v. Heath Baldwin, No. W2005-02906-CCA-R3-CD, 2007 WL 845911, at *4 (Tenn. Crim. App. Mar. 21, 2007) (citing Troutman, 979 S.W.2d at 274).

Unlike felons, "misdemeanants are not given the presumption of a minimum sentence." State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). Further, those convicted of a misdemeanor are not presumed eligible for alternative sentencing. State v. Williams, 914 S.W.2d 940, 949 (Tenn. Crim. App. 1995) (citing State v. Creasy, 885 S.W.2d 829, 832-33 (Tenn. Crim. App. 1994)). When considering probation, the trial court should consider the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, the defendant's present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant and the public. See State v. Kendrick, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978)). The defendant bears the burden of proving his or her suitability for probation. Id. § 40-35-303(b) (2010).

A trial court should consider the following when determining whether confinement is appropriate:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Id. § 40-35-103(1)(A)-(C) (2010); see State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Additionally, the principles of sentencing require the sentence to be "no greater than that deserved for the offense committed" and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Id. § 40-35-103(2), (4) (2006). Moreover, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed[,]" and "[t]he length of a term of probation may reflect the length of a treatment or rehabilitation program in which participation is a condition of the sentence[.]" Id. § 40-35-103(5).

Upon review, we conclude that the trial court's denial of probation and alternative sentencing did not exceed the wide latitude afforded to the trial court in misdemeanor sentencing. The record establishes that the court reviewed the presentence report, the victim's impact statement, and the psychosexual risk assessment report when determining whether to grant probation or alternative sentencing. The court noted the negative emotional impact that the incident had on the victim and emphasized that the Defendant violated a position of private trust as factors weighing against alternative sentencing. The court also considered the Defendant's admitted prior sexual offense of indecent exposure. See State v. Lane, 3 S.W.3d 456, 461-62 (Tenn. 1999) ("[C]riminal acts underlying an expunged conviction may properly be considered to determine whether a defendant is a suitable candidate for alternative sentencing."). The court acknowledged that the Defendant expressed remorse for his actions and was seeking counseling but determined that probation and alternative sentencing were inappropriate in this case. Despite the lack of formal findings by the trial court, the record reflects that the court properly considered the sentencing principles and imposed a sentence that was not arbitrary. Accordingly, we affirm the judgment of the trial court in this respect.

## CONCLUSION

Upon review of the record, we conclude that the trial court properly considered and weighed the required factors set forth in Parker and Electroplating prior to denying the Defendant's request for judicial diversion and set out its justification for denial of diversion in its final ruling. The record supports the trial courts ruling, and therefore, we discern no abuse of discretion. Additionally, the court properly considered the sentencing principles in denying probation and alternative sentencing, and thus, did not abuse its discretion. The judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE