**STATE of Tennessee, Appellant,**

v.

**Lola MONTGOMERY, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 5, 1981.

Permission to Appeal Denied by Supreme Court
Sept. 21, 1981.

William M. Leech, Jr., Atty. Gen., Robert L. Jolley, Jr., Sr. Asst. Atty. Gen., Nashville, John W. Gill, Jr., Asst. Dist. Atty. Gen., Knoxville, for appellant.

Ray E. Cate, Knoxville, for appellee.

## ORDER

WALKER, Presiding Judge.

This is the second time this pretrial diversion proceeding has been before this court. In both instances, the state has appealed as of right under Rule 3, T.R.A.P., from the trial court's holding that the district attorney general abused his discretion in denying pretrial diversion to the appellee, who was indicted for shoplifting merchandise over $100 in value.

At the June session 1980, in an opinion filed July 18, 1980, this court considered the state's first appeal as of right. The trial judge on March 7, 1980, had held that the district attorney general had abused his discretion in refusing diversion, but the trial judge did not place the appellee on diversion or do anything further. This court dismissed the case, holding that it was not properly before us. The court pointed out that under TCA 40–2108 prosecution of an accused may be suspended during the terms of a memorandum of understanding agreed upon between the state and the defendant which is approved by the trial judge. Further, this statute provides that the trial judge, upon application of the defendant, when the state has refused to enter into an agreement, may find that the prosecuting attorney has abused his discretion in refusing to place the defendant in a pretrial diversion program. In this event, the court explained that the trial judge may then order the state to place the defendant on diversion under such terms as the trial court may order. This court observed that the trial judge had not ordered the state to place the appellee in the diversion program and, of course, had stated no terms for diversion.

 Our court further held that, under either route in diversion cases, granted or denied, the prosecution is only suspended during the period of diversion; the case is not dismissed and is only dismissed at the conclusion of the memorandum of understanding; that the legal effect of the statute in retaining the validity of the charging instrument and in merely suspending the prosecution is to leave the case pending in the trial court.

In accordance with these principles, our court held that an appeal by either side questioning diversion decisions, either *granted* or *denied*, must be brought under Rule 9 or Rule 10, T.R.A.P., and cannot come by Rule 3.

After this dismissal with our holding that the state could not appeal under Rule 3, the case was again presented to the trial court and that court placed the appellee on diversion for a period of one year.

Although this court clearly held that this case could be reviewed only under Rule 9, or Rule 10, T.R.A.P., the state has again appealed as of right under Rule 3, T.R.A.P. No application for permission to appeal as required by Rule 9 or application for permission to appeal under Rule 10, T.R.A.P., has been filed with this court.

We adhere to our former holding in this case. We add that if we should reverse the trial court as the state seeks us to do, the case would go back for trial without any further need to obtain a new charging instrument. The indictment is still pending and the case is not ready for a Rule 3 appeal at this time.

We are aware that another panel of this court is an opinion filed May 7, 1980, at Knoxville, in remanding *State v. Vicki Ward*, remarked that if the trial court ordered diversion the decision would be reviewable as of right by this court. After remand the court considered the case on its merits without discussing proper procedure.

An examination of the record here shows that, even if the case were properly before us, the state's contentions are without merit. Cf. *State v. Vicki Ward*, Tenn.Cr.App.,

October 1980 session, at Knoxville, opinion filed January 19, 1981.

The state's appeal is dismissed.

DWYER and BYERS, JJ., concur.