**STATE of Tennessee, Appellee,**

v.

**Pat McDUFF, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 14, 1984.

Permission to Appeal Denied by the Supreme Court April 8, 1985.

W.J. Michael Cody, Atty. Gen., Wayne E. Uhl, Asst. Atty. Gen., Nashville, David G. Ballard, Dist. Atty. Gen., Steven R. Hawkins, Asst. Dist. Atty. Gen., Maryville, for appellee.

Robert H. Green, Maryville, for appellant.

OPINION

WALKER, Presiding Judge.

Pat McDuff appeals from his conviction of delivery of cocaine, a schedule II controlled substance, and his sentence to four years' imprisonment in the Blount County jail as an especially mitigated offender.

On appeal McDuff contends (1) the trial court erred by failing to reverse the district attorney general's denial of pretrial diversion; and (2) the trial court erred by denying his motion for judgment of acquittal

because the state failed to prove the charge contained in the indictment.

We find no reversible error and affirm the conviction.

McDuff is a 20-year-old honor student at Maryville College who was charged with selling cocaine to an undercover agent. McDuff sought pretrial diversion, which was denied by the district attorney general. By petition for certiorari in the trial court, McDuff sought reversal of this denial. The trial court determined that the district attorney general had not abused his discretion in denying pretrial diversion.

■ McDuff did not seek review of this denial of pretrial diversion by an interlocutory appeal under Rule 9 or 10, T.R.A.P., but rather brings it by direct appeal after his conviction. In *State v. Montgomery*, 623 S.W.2d 116 (Tenn.Cr.App.1981), we held that an appeal by either side questioning diversion decisions, either granted or denied, must be brought under Rule 9 or Rule 10, T.R.A.P., and cannot come by Rule 3. We adhere to this ruling. This issue has therefore been waived.

■ The indictment charges that McDuff did unlawfully and feloniously "deliver a controlled substance, to wit, cocaine, contrary to Tennessee Code Annotated, § 39–6–417 ..."

McDuff has a two-fold argument, (1) the only reference to cocaine in T.C.A. § 39–6–417 is to delivery of more than 30 grams and, since he had only 6.7 grams, this could not apply to him; and (2) cocaine is not specifically listed as a schedule II controlled substance under T.C.A. § 39–6–408 and therefore it is not a controlled substance.

The state's expert witness testified that he received 6.7 grams of white powder which was cocaine with a 27.3 per cent concentration. He also testified, without objection, that the powder was the schedule II drug cocaine.

The statute under which McDuff was indicted, T.C.A. § 39–6–417(a), simply proscribes delivery of a "controlled substance." The elements of the offense were

contained in the indictment, and the allegation that the offense was cocaine was mere surplusage. McDuff was properly informed of the offense against him. Although T.C.A. § 39–6–417(c)(1)(E) makes a Class X felony the delivery of 30 grams or more of any substance containing cocaine, this is not the offense with which McDuff was charged. The allegation that he had delivered a controlled substance was sufficient to state an offense.

■ In his argument that cocaine is not a controlled substance under the Tennessee Drug Control Act, T.C.A. §§ 39–6–401, et seq., McDuff relies on the fact that the word "cocaine" is not included in the listing of controlled substances in schedule II, T.C.A. 39–6–408(a)(4):

"Coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, but not including decocainized coca leaves or extractions which do not contain cocaine or ecgonine."

McDuff asks us to follow the solution of the Texas Court of Criminal Appeals when faced with this question. Construing a similar statute, that court in *Crowl v. State*, 611 S.W.2d 59 (Tex.Cr.App.1980), held that the state must further allege that cocaine is a derivative of coca leaves in order to state a claim. As a result of decisions of the Texas Court of Criminal Appeals construing their statute, the Texas Legislature amended their Act.

On the other hand, Tennessee does not need to look to Texas for interpretation of our statute. Although T.C.A. § 39–6–408 does not name cocaine as a schedule II substance, it does list coca leaves and their derivatives. In upholding the statute, the trial judge here referred to the dictionary definition of cocaine as a derivative of coca leaves. Merriam-Webster's Ninth New Collegiate Dictionary (1984 ed.) says that cocaine is obtained from coca leaves. We agree with the trial judge that cocaine is a schedule II substance.

Further, in *State v. Harris*, 637 S.W.2d 896, 899 (Tenn.Cr.App.1982), we said: "The Legislature has classified cocaine as a schedule II controlled substance." We hold that the legislature intended to include cocaine within schedule II.

Accordingly, under the rules of *State v. Moss*, 662 S.W.2d 590 (Tenn.1984), the indictment sufficiently informed McDuff of the charges against him.

DAUGHTREY and BYERS, JJ., concur.