STATE of Tennessee, Appellee,

v.

Todd Houston NABB, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

April 9, 1986.

Petition to Rehear April 25, 1986.

Joseph P. Atnip, Greenfield, for the appellant.

W.J. Michael Cody, Atty. Gen., Ann Lacy Johns, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

TATUM, Judge.

The appellant, Todd Houston Nabb, has applied for an interlocutory appeal pursuant to Rule 9, T.R.A.P. On petition to the trial court for review of the State's denial of pretrial diversion, the trial court found that the defendant had failed to establish an abuse of discretion on the part of the District Attorney General and refused to reverse the decision of the District Attorney General. The trial court gave the appellant permission to appeal pursuant to Rule 9(b), T.R.A.P. For the reasons hereinafter stated, the appellant's application for an interlocutory appeal is denied.

The application states that the defendant was charged with three counts of sale of Schedule VI controlled substance, each sale being approximately one ounce. The application states no other facts, but by reference adopts the statement of reasons given by the trial court for permitting an interlocutory appeal. See Rule 9(d), T.R.A.P.

In its order, the trial court gives the following reasons for its opinion that the case is appealable to this court under Rule 9:

1. There is a probability of irreparable injury because review upon entry of final judgment will be ineffective. The court finds that if the defendant is convicted of the offense that he will be precluded from appealing for a review of the denial of pretrial diversion.

2. The court is of the opinion that the record in this cause regarding the plaintiff's background provides a basis of appeal under Rule 9.

In its answer, the State says "The State would recognize that under *State v. Montgomery*, 623 S.W.2d 116, 118 (Tenn.Crim. App.1981), an appeal of a diversion decision is appropriate under Rule 9 of the Tennessee Rules of Appellate Procedure. Consequently, the State would not oppose the application."

■ We adhere to the holding of *State v. Montgomery, supra,* that an appeal from the denial of pretrial diversion must be had under either Rule 9 or Rule 10, T.R.A.P. The reason for the rule is that the question of pretrial diversion would be moot after the defendant had been tried and convicted. However, we do not agree that an appeal from the denial of pretrial diversion will be granted automatically and as a matter of course. An appeal in these cases can be had only in the discretion of the appellate court and not as a matter of right. Rule 9(a) and 10(a), T.R.A.P.

Rule 9(a) * provides:

"Rule 9. Interlocutory Appeal by Permission from the Trial Court.—(a) Application for Permission to Appeal; Grounds.—Except as provided in Rule 10, an appeal by permission may be taken from an interlocutory order of a trial court from which an appeal lies to the Supreme Court, Court of Appeals or Court of Criminal Appeals only upon application and *in the discretion of the* trial and *appellate court.* In determining whether to grant permission to appeal, the following, while neither controlling nor fully measuring the courts' discretion, indicate the character of the reasons that will be considered: (1) the need to prevent irreparable injury, giving consideration to the severity of the potential injury, the probability of its occurrence, and the probability that review upon entry of final judgment will be ineffective; (2) the need to prevent needless, expensive, and protracted litigation, giving consideration to whether the challenged order would be a basis for reversal upon entry of a final judgment, the probability of reversal, and whether an interlocutory appeal will result in a net reduction in

* Rule 10 contains similar language.

the duration and expense of the litigation if the challenged order is reversed; and (3) the need to develop a uniform body of law, giving consideration to the existence of inconsistent orders of other courts and whether the question presented by the challenged order will not otherwise be reviewable upon entry of final judgment. Failure to seek or obtain interlocutory review shall not limit the scope of review upon an appeal as of right from entry of the final judgment."

■ Rule 9(d) requires that the application contain:

"(1) a statement of the facts necessary to an understanding of why an appeal by permission lies and

(2) a statement of the reasons supporting an immediate appeal."

Before we can exercise an informed discretion, it is necessary that sufficient facts be given to enable us to determine the probable merits. The criteria specified in Rule 9(a), are "neither controlling nor fully measuring the court's discretion." However, they are often helpful in guiding us in the exercise of our discretion. Under (1) of Rule 9(a), we consider whether an interlocutory appeal is needed to prevent irreparable injury. It is true that under this heading, consideration is given to "the probability that review upon entry of final judgment will be ineffective." However, if we cannot see from the application for permission to appeal and related papers that the appeal presents at least a genuine issue on the merits, then we have no way of ascertaining whether the granting of an appeal would "prevent irreparable injury."

Likewise, if the appeal is sought pursuant to reason (2) or (3) of Rule 9(a), then the application and related papers must give us facts sufficient to enable us to exercise informed discretion as to whether an interlocutory appeal would likely prevent needless, expensive, and protracted litigation or to develop a uniform body of the law.

■ Referring again to the trial court's order stating reasons why this case is appealable, which was incorporated in the application by reference, we do not agree that they are sufficient for granting a Rule 9 appeal. As we have previously stated, the fact that review after final judgment is precluded, does not alone demonstrate a probability of irreparable injury, absent a showing that the interlocutory appeal presents a genuine issue. In addition, reason number (2) which is given by the trial judge, "that the record in this cause regarding the plaintiff's background provides a basis of appeal under Rule 9," is insufficient. The facts which are referred to must be communicated to us so that we can make our independent appraisal of the need for an interlocutory appeal. The trial court's order gives us no particulars concerning the plaintiff's background, nor does it appear otherwise before us.

If we were required to grant interlocutory appeal under Rule 9 or Rule 10, T.R. A.P., automatically in all of these cases without exercising any discretion, then the prosecution for all crimes to which the diversion statute is applicable could be delayed for many months or longer while the defendant pursued frivolous appeals.

For the reasons stated, permission is denied for the appellant to appeal pursuant to Rule 9, T.R.A.P.

WALKER, P.J., and DWYER, J., concur.

### ON PETITION TO REHEAR

TATUM, Judge.

In a Petition to Rehear, the defendant argues that the requirement of demonstrating to this court the fact that the present case is an appropriate one for the exercise of this court's discretion was met by the order of the trial court and the application for permission to appeal. We disagree. We reiterate that the trial court's order contained no factual reasons for the granting of an interlocutory appeal and the trial court's statement of facts is not before us. No portion of the record necessary for us to determine the merits of the application for permission to appeal has been presented. Rule 9(d), T.R.A.P. requires:

"(d) Content of Application; Answer. —The application shall contain: (1) a statement of the facts necessary to an understanding of why an appeal by per-

mission lies and (2) a statement of the reasons supporting an immediate appeal. A statement of reasons is sufficient if it simply incorporates by reference the trial court's reasons for its opinion that an appeal lies. *The application shall be accompanied by copies of: (1) the order appealed from, (2) the trial court's statement of reasons, and (3) the other parts of the record necessary for determination of the application for permission to appeal."* (Emphasis supplied)

The above-quoted rule requires that facts pertaining to the case be presented to this court to enable the court to exercise an informed discretion. These facts must appear from either the order or a statement of the trial judge or the defendant must file such other parts of the record to enable the court to make an informed decision.

We adhere to our original opinion and overrule the Petition to Rehear.

WALKER, P.J., and DWYER, J., concur.