**STATE of Tennessee, Appellee,**

v.

**Todd Houston NABB, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

June 10, 1986.

---

## ORDER DENYING SECOND APPLICATION FOR INTERLOCUTORY APPEAL

TATUM, Judge.

This is the defendant's second application for an interlocutory appeal pursuant to Rule 9, T.R.A.P. The defendant desires to appeal a judgment of the trial court that affirms the order of the District Attorney General denying pretrial diversion. The previous application sought the same relief.

In the previous application, it was demonstrated that the defendant was charged with three counts of selling Schedule VI controlled substances. The first application adopted the statement of reasons given by the trial court for giving his permission for the interlocutory appeal and furnished no other facts. We denied the appeal because there was no showing from the application, the order of the trial judge granting the discretionary appeal, or other papers that there was a genuine issue on the merits. See *State v. Nabb,* 713 S.W.2d 685 (released April 9, 1986 at Jackson by this court).

After the denial of the first application for a Rule 9 appeal and the overruling of a petition to rehear, the trial judge filed an amended order stating different reasons why he was of the opinion that his judgment affirming the District Attorney General should be appealed. The first order of

the trial court was entered Feb. 5, 1986 and the amended order was entered on May 5, 1986.

Rule 9, T.R.A.P. does not authorize multiple applications for interlocutory appeals requesting repeated appellate review of the same question. The procedures set forth in subdivision (b) through (f) of Rule 9 contemplate expeditious handling of interlocutory appeals. Subsection (c) requires that the application for permission to appeal be filed within ten days after the date of the entry of the order or the making of the prescribed statement by the trial court. The rule does not authorize the filing to infinity of additional applications upon the entry of amended sentences.

In the amended order, the trial judge gives three reasons for his opinion that the interlocutory appeal should be granted. The first reason is that the denial of pretrial diversion cannot be considered on direct appeal. As discussed in our previous opinion in this case, this fact alone will not authorize an interlocutory appeal.

The trial judge also stated that the defendant has no previous arrest or convictions. The third reason is that there is a large volume of letters from citizens recommending diversion which are worthy of consideration. The fact that the defendant had no criminal record and the letters were considered by the District Attorney General. The letters emphasize the excellent social history and background of the defendant. The District Attorney found as a fact that the defendant's social history and background are excellent and he considered these mitigating factors.

The District Attorney denied pretrial diversion because the defendant was charged with committing three separate sales of marijuana over a six-week period, the felony drug charge involves sales of marijuana in Weakley County where there is a serious drug problem, and for deterrence. Neither application for an interlocutory appeal attacked the correctness of the findings of the District Attorney upon which he based his denial for pretrial diversion.

We deny the second application for interlocutory appeal pursuant to Rule 9, T.R.A.P. for the foregoing reasons. The case is remanded to the trial court for trial.

WALKER, P.J., and DWYER, J., concur.