**STATE of Tennessee, Appellant**

v.

**Janet K. GALLAHER, Appellee.**

Supreme Court of Tennessee,
at Knoxville.

May 11, 1987.

W.J. Michael Cody, Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, for appellant.

Steven Oberman, W. Zane Daniel, Knoxville, for appellee.

## OPINION

FONES, Justice.

The State pursued a T.R.A.P. 3 appeal to the Court of Criminal Appeals from the action of the trial judge in granting defendant's pre-trial motion to strike from the indictment the allegation of a prior DUI conviction, thus changing the indictment from a second offense to a first offense DUI.

The Court of Criminal Appeals correctly held that the trial judge's order was not a final judgment and did not amount to a dismissal of the indictment. The Rule 3 appeal was dismissed and the State seeks a review of that action in this Court.

■ The State should have pursued a Rule 10 application. The ruling of the trial judge resulted in the State losing a right that could never be recaptured. *See State v. Willoughby,* 594 S.W.2d 388 (Tenn.1980).

In the exercise of our supervisory authority we treat the State's appeal as a Rule 10 application and grant same for the purpose of considering the appropriateness of the trial judge's procedure in entertaining the motion and his action thereon.

■ The meager record before us shows that defendant was charged with a prior DUI offense on 6 September 1984 in Campbell County, pled guilty on 7 September 1984 and was fined $341.25. It is not clear whether she was sentenced to any time but if so, it appears that the sentence was suspended to time served prior to trial and she was released on 7 September 1984. The record shows on its face that she executed waivers to the effect that she was fully advised of her rights and expressly advised of her right to the aid of counsel at every stage of the proceeding and if necessary an attorney would be appointed to represent her; that she expressly waived her right to counsel, to a preliminary hearing, to a grand jury indictment, and a trial by jury.

In *State v. Robert McClintock,* released 27 April 1986, Middle Division [Available on WESTLAW, TN–CS database], defendant sought to invalidate his first DUI conviction under circumstances indistinguishable from the instant case. We held that his attempt to void the prior conviction was an unauthorized collateral attack upon a facially valid, unreversed judgment of a court with jurisdiction over the subject matter, and the person of defendant; that in those circumstances the only procedure available was the Post Conviction Procedure Act, T.C.A. § 40–30–101 *et seq.* That decision

answers all procedural questions relevant to this case.

The action of the trial judge in striking from the indictment the prior DUI conviction is reversed and this case is remanded for trial on the indictment as returned by the Grand Jury.

Costs are adjudged against Janet Gallaher.

BROCK, C.J., and COOPER, HARBISON and DROWOTA, JJ.