**STATE of Tennessee, Appellee,**

v.

**Philip Michael MECORD, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

June 19, 1991.

Donald E. Parish, Huntingdon, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, G. Robert Radford, Dist. Atty. Gen., Hansel McCadams and Thomas T. Woodall, Asst. Dist. Attys. Gen., Huntingdon, for appellee.

## OPINION

PEAY, Judge.

The defendant was indicted for the distribution of marijuana and for the distribution of cocaine. Following a jury trial, he was convicted of the misdemeanor offenses of distribution of less than one-half ounce of marijuana and of simple possession of cocaine. For each conviction the jury assessed fines of one thousand dollars ($1000). The trial court then sentenced the defendant to a term of eleven months and twenty-nine days on each conviction and

ordered these sentences to run concurrently.

The defendant appeals as of right from the action of the trial court presenting two issues for review. In the first issue he contends that the trial court erred in failing to grant him pretrial diversion. In his second issue he complains that the sentences imposed by the trial court were excessive. We find these issues to be without merit and affirm the judgment of the trial court.

■ After being indicted on the two drug charges, the defendant applied to the district attorney general for pretrial diversion; however, this application was denied. He then petitioned the trial court for a writ of certiorari to review this denial, but finding no abuse of discretion, the trial court affirmed the decision of the district attorney. Following this action, the defendant unsuccessfully applied to the trial court for an interlocutory appeal pursuant to T.R.A.P. 9. After the defendant's interlocutory appeal was denied by the trial court, he entered a not guilty plea to both counts of the indictment and proceeded to trial in the Circuit Court for Henry County. As noted above, the jury found him guilty of misdemeanor distribution of marijuana and of simple possession of cocaine.

■ Failure to appeal the grant or denial of diversion under the interlocutory appeals provisions set forth in T.R.A.P. 9 and 10 constitutes a waiver. *State v. McDuff*, 691 S.W.2d 569, 570 (Tenn.Crim. App.1984). When pretrial diversion is granted, prosecution is suspended during the period of diversion, and the case is then dismissed at the conclusion of the diversionary period. *State v. Montgomery*, 623 S.W.2d 116, 118 (Tenn.Crim.App.1981). The question of granting or denying pretrial diversion becomes moot after the defendant has been tried and convicted. *State v. Nabb*, 713 S.W.2d 685, 686 (Tenn. Crim.App.1986).

In this case the defendant correctly petitioned the trial court to allow an interlocutory appeal pursuant to T.R.A.P. 9. When this petition was denied, the defendant chose to go to trial and was found guilty. He, therefore, waived his right to pursue pretrial diversion. Rather than proceeding to trial, the defendant should have filed an application for an extraordinary appeal by permission under T.R.A.P. 10. In failing to do so, we hold that he has waived this issue.

■ The second issue raised by the defendant concerns the sentence imposed by the trial judge. It is his contention that the trial judge failed to comply with the provisions of the Tennessee Criminal Sentencing Reform Act of 1989 and that the two concurrent sentences of eleven months and twenty-nine days are excessive. He further contends that the sentence is not only excessive but that he was entitled to probation after serving a short period of shock incarceration.

As the defendant was sentenced after the effective date of the Sentencing Reform Act of 1989, we must conduct a *de novo* review with a presumption of correctness. T.C.A. §§ 40–35–401(d), –402(d).

The portion of the Sentencing Reform Act of 1989 codified at T.C.A. § 40–35–210 established a number of specific procedures to be followed in sentencing. This section mandates the court's consideration of the following:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the enhancement and mitigating factors in §§ 40–35–113 and 40–35–114; and

(6) Any statement the defendant wishes to make in his own behalf about sentencing.

The record provided for review includes transcripts of the sentencing hearing, the testimony of the defendant and two character witnesses at trial, and the trial court's hearing on the denial of pretrial diversion. In addition, we have before us the presentence, lab, and investigation reports. The

investigation report, prepared by Susan Mays, an undercover officer, detailed the events leading up to and surrounding the actual transfer of the controlled substances.

The record shows that the defendant was a thirty-seven year old man who was married and was the father of two minor children. He had been a sworn law enforcement officer for approximately eleven years. At the time of the offense, he had been employed as a park ranger at Paris Landing State Park but was unemployed at the time of sentencing. The record also reflects that he had no prior criminal arrests or convictions.

The presentence report stated that the defendant admitted smoking marijuana after work to "calm down". It also pictured the defendant as a person with a poor work record, whose performance on the job was borderline, who had a history of drug and alcohol abuse, and who admitted to having attended AA meetings in 1982 although he claimed to currently be abstaining from alcohol and drugs.

In sentencing, the trial judge found no mitigating factors but by way of enhancing factors found that the defendant was the leader in the commission of the offense and that the offense involved more than one victim, one of which was a minor. He also noted that the defendant was a law enforcement officer who brought shame and discredit to himself and many other officers who worked in this field. The trial judge further found on the consideration of probation that the defendant was in an obvious position of authority while dealing in cocaine and marijuana, delivering marijuana to at least one minor. In addition, the trial judge found the defendant to be untruthful and evidencing no remorse except for having been apprehended. In conclusion the trial judge stated that probation was not in the best interests of the public, the defendant, or justice.

In reviewing the trial judge's findings with a presumption of correctness, we find that there is sufficient evidence in the record to support the trial judge. We can-not substitute our judgment for that of the trial judge. This issue is without merit.

Having considered the matters raised by the defendant, we find the trial court should be and is affirmed.

JONES and BIRCH, JJ., concur.