IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 24, 2006 Session

## STATE OF TENNESSEE v. RICKY LYNN NORWOOD, ALIAS

**Appeal from the Criminal Court for Knox County**
**No. 76302     Richard R. Baumgartner, Judge**

---

**No. E2005-00704-CCA-R3-CD - Filed March 16, 2006**

---

This state appeal, initially filed as a Tennessee Rule of Appellate Procedure 3 appeal, is deemed by this court an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 10. The state seeks review of the Knox County Criminal Court's determination that, in the on-going driving under the influence (DUI) prosecution of the defendant, Ricky Lynn Norwood, a 1997 DUI conviction may not be used to enhance punishment. Because the record and the applicable law support the trial court's ruling, we affirm the order.

**Tenn. R. App. P. 10; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and WILLIAM H. INMAN, S.J., joined.

Mark Stephens, District Public Defender; John Halstead and Mary Ellen Coleman, Assistant District Public Defenders; and Candi Henry, Special Defense Attorney, for the Appellee, Ricky Lynn Norwood.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; Randall E. Nichols, District Attorney General; Marsha Mitchell and Steven C. Garrett, Assistant District Attorneys General; and Marla Holloway, Special Prosecuting Attorney, for the Appellant, State of Tennessee.

### OPINION

In the hearing on the defendant's motion to strike the reference in the defendant's current indictment to the 1997 Knox County General Sessions Court conviction of DUI, case number 35471, the defense attorney emphasized that she was not seeking to set aside the 1997 judgment; she was merely trying to exclude it as a basis for enhancing the current charge of DUI to a third offense. The prosecutor responded that she found a "waiver of rights form" with the warrant and judgment in case number 35471 in the general sessions court records. The prosecutor stated that the practice in general sessions court is to have the defendant execute a waiver of his trial rights on a form

separate from the warrant-and-judgment form. The defense countered that the waiver form produced by the state contained no docket number or other reference to the defendant's 1997 DUI case.

A deputy general sessions court clerk was called as a witness and exhibited the file in general sessions case number 35471, *State v. Ricky Lynn Norwood*. She identified the original warrant[1] and affirmed that the judgment on the reverse side of the form adjudicated the defendant guilty of DUI. She testified that a "rights waiver form" was a part of the record, found folded "inside this citation." She acknowledged that the form bore a signature that read "Ricky Norwood." The blank provided for the defendant's attorney's signature contained the signature of Bill Petty, a Knoxville attorney. The deputy clerk testified, "The judge always explains their rights to them before they plead and has them – reads them to them and then has them sign them, the attorney sign them." She testified that the Knox County General Sessions Court had been using the separate rights waiver form for many years.

On cross-examination, however, the deputy clerk acknowledged that it was customary to have the defendant sign the warrant form for waiving rights, in addition to signing the separate form. She agreed that the warrant's waiver blanks were not signed in case number 35471. She also agreed that the separate waiver form contained no caption, docket number, or date.

The warrant form in general sessions case number 35471, *State v. Ricky Lynn Norwood*, reflects that an officer cited the defendant for DUI on March 13, 1997. The back side of the one-sheet warrant form contains caption information and a section for recording, separately, a defendant's waiver of his rights to jury trial, to a preliminary hearing, and to counsel. This section remained blank and did not bear the defendant's name, his signatures, or his counsel's signature. The judgment section of the back of the form showed that, upon a guilty plea, the defendant was convicted of DUI on June 17, 1997. He was sentenced to 11 months, 29 days, suspended upon serving 48 hours and attending a DUI program. He was fined $350. The judgment was signed by the general sessions court judge.

The "rights waiver form" exhibited to the deputy clerk's testimony is a one-page declaration and waiver of various rights of a criminal defendant. It contains five blanks; the blanks for the charged offense (DUI), the maximum sentence (11 months, 29 days), the defendant's signature (/s/ Ricky Norwood), and the defendant's attorney's signature (/s/ Bill Petty) were filled in. Only the space for designating the minimum sentence was left blank. The form contained no blanks for indicating a caption, docket number, or date, and no such information was included on the form. The form contained no approving or authenticating signature of a judge. The form contained no signature of a prosecutor.

In ruling that the judgment in general sessions case number 35471 was "defective," the criminal court relied upon the lack of any information on the separate rights waiver form that tied

---

[1] The form reflects that the defendant in case number 35471 was issued a citation.

it to case number 35471 and to the absence of the defendant's signature on the waiver blank on the warrant form.

Aggrieved of the trial court's ruling, the state filed a notice of appeal pursuant to Tennessee Rule of Appellate Procedure 3(c). *See* Tenn. R. App. P. 3(c) (providing the state in a criminal case a rightful appeal when substantive effect of trial court's order is to dismiss a charging instrument, set aside a guilty verdict, arrest judgment, grant or refuse to revoke probation, or remand a child to juvenile court). The trial court's ruling in this case, however, was not a determination that gave rise to a Rule 3 appeal, *see State v. Gallaher*, 730 S.W.2d 622, 623 (Tenn. 1987), and an appeal pursuant to Rule 3 is inappropriate. That said, this court grants the state's request to be allowed to proceed in the form of an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 10. *See State v. Norris*, 47 S.W.3d 457, 463 (Tenn. Crim. App. 2000).

Tennessee Code Annotated section 55-10-403 authorizes, in seriatim, enhanced fines and minimum confinement periods for second, third, and "subsequent" DUI convictions. *See* Tenn. Code Ann. § 55-10-403(a)(1) (2003). Code section 55-10-403(g)(2) and (3) provides:

> In the prosecution of second or subsequent offenders, the indictment or charging instrument must allege the prior conviction or convictions for violating any of the provisions of § 55-10-401, § 39-13-213(a)(2), § 39-13-106, § 39-13-218 or § 55-10-418, setting forth the time and place of each prior conviction or convictions. . . .
>
> (3)(i) Notwithstanding any other rule of evidence or law to the contrary, in the prosecution of second or subsequent offenders under this chapter the official driver record maintained by the department and produced upon a certified computer printout shall constitute prima facie evidence of the prior conviction.
>
> (ii) Following indictment by a grand jury, the defendant shall be given a copy of the department of safety printout at the time of arraignment. If the charge is by warrant, the defendant is entitled to a copy of the department printout at the defendant's first appearance in court or at least fourteen (14) days prior to a trial on the merits.
>
> (iii) Upon motion properly made in writing alleging that one (1) or more prior convictions are in error and setting forth the error, the court may require that a certified copy of the judgment of conviction of such offense be provided for inspection by the court as to its validity prior to the department printout being introduced into evidence.

*Id.* § 55-10-403(g)(2), (3) (2003).

In *State v. McClintock*, 732 S.W.2d 268 (Tenn. 1987), the defendant "averred that he had not validly waived his right to counsel at his hearing on the first [DUI] offense and that the record of his plea was silent as to the validity of the waiver in General Sessions Court of Davidson County." *Id.* at 269. Notwithstanding this claim, our supreme court found that the warrant underlying the prior DUI conviction contained "several written waivers . . . , all signed by Defendant, including a waiver of his right to counsel," that "[n]o irregularities appear on the face of the warrant," and that the "General Sessions Court had jurisdiction over the subject matter and over the person of Defendant" in the first DUI conviction proceeding. *Id.* (citing Tennessee Code Annotated section 40-1-109(a), which provides that a general sessions court has jurisdiction to render final judgments in misdemeanors). The *McClintock* court stated, "Although the record of Defendant's first conviction consists only of the warrant upon which the judgment was entered, like any judgment, a presumption of regularity in the proceedings attaches upon becoming final." *McClintock*, 732 S.W.2d at 270.

The *McClintock* court distinguished the adjudicative facts from those in *Baldasar v. Illinois*, 446 U.S. 222, 100 S. Ct. 1585 (1980), *overruled on other grounds by Nichols v. United States*, 511 U.S. 738, 114 S. Ct. 1921 (1994), in which "the record affirmatively revealed that the defendant had neither been represented by counsel nor waived his right to counsel." *McClintock*, 732 S.W.2d at 273. In *Baldasar*, the High Court allowed the attack on the prior conviction:

> An uncounseled conviction does not become more reliable merely because the accused has been validly convicted of a subsequent offense. For this reason, a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute.

*Baldasar*, 446 U.S. at 228, 100 S. Ct. at 1588 (Marshall, J., concurring). The *McClintock* court agreed that "[s]uch a conviction [as in *Baldasar*] is void on its face for the purposes of recidivist provisions upon subsequent convictions." *McClintock*, 732 S.W.2d at 273.

Essentially, the present defendant posits that the conviction in his case number 35471 is invalid on its face due to the *Baldasar*-type deficiencies. To explore the claim, we note that *McClintock* was not the last word on the nature of facial invalidity of a prior conviction; the issue was explored by the Tennessee Supreme Court in *Hickman v. State*, 153 S.W.3d 16 (Tenn. 2004), a habeas corpus proceeding. Hickman had "alleged that his 1986 misdemeanor conviction, for which he received a ten-day suspended sentence, [was] void because the judgment [did] not affirmatively indicate that Hickman was represented by counsel or that he waived his right to counsel." *Id.* at 18. The *Hickman* court agreed that "[t]he certified copy of the judgment does not indicate whether Hickman was represented by counsel or waived his right to counsel" in the 1986 proceeding. *Id.* at 19. Although the court rejected Hickman's claim to habeas corpus relief because it held that he was not "'restrained of liberty' for purposes of the habeas corpus statute," the court further determined that the waiver-poor 1986 judgment was "not void on its face." *Id.* at 24. The court said:

The judgment in this case is not facially invalid because the judgment does not show that the convicting court was without jurisdiction or authority to accept the plea and to sentence Hickman. The copy of the judgment attached to Hickman's petition demonstrates that the General Sessions Court had both subject matter and personal jurisdiction. The warrant charged Hickman with possession of marijuana on May 5, 1986, a misdemeanor offense over which the General Sessions Court had subject matter jurisdiction. Because the General Sessions Court is a court of limited jurisdiction, jurisdictional facts must affirmatively appear upon the record. *See . . . McClintock*, 732 S.W.2d at 270-71. Here, those facts appear: the warrant reflects that Hickman entered a written guilty plea, requested a trial on the merits in General Sessions Court, and expressly waived his right to indictment, presentment, grand jury investigation, and jury trial. Because the judgment plainly states the essential facts establishing the court's jurisdiction, the judgment is entitled to a presumption of regularity.

The judgment's silence as to whether the petitioner was represented by counsel or waived the right to counsel does not defeat the presumption of regularity and render the judgment void.

*Id.* (footnotes omitted). The *Hickman* court stated that its prior decisions, including *McClintock*, "do not support Hickman's argument that a judgment is facially void unless it affirmatively recites that the defendant was represented by counsel or waived the right to counsel." *Id.* at 25. The court specifically distinguished *Baldasar*, stating that the record in *Baldasar* "*affirmatively* revealed that the defendant had neither been represented by counsel nor waived the right to counsel." *Id.* (emphasis added). The *Hickman* court concluded that "the [1986] judgment is not void on its face and is instead entitled to the presumption of regularity." *Id.* at 26. The court explained,

The judgment contains a blank line where defense counsel is ordinarily listed, and the pre-printed "Waiver of Attorney" was not signed by the defendant. This judgment does not clearly reflect that the defendant was denied the right to counsel. The judgment is merely silent. Additional information outside the judgment would be needed to establish that Hickman in fact was not represented by counsel. As we previously stated, where additional proof is needed, the judgment is at most voidable, rather than void.

*Id.* at 26.

Applying these principles to the present case, we agree with the state that the warrant

form in case number 35471 does not *affirmatively* reflect that the defendant was denied the right to counsel. However, even though the warrant's mere silence on the issue of counsel does not by itself equate to facial invalidity of the judgment, per *Hickman,* we conclude that the judgment was facially invalid because it does not contain facts that establish the issuing court's jurisdiction: the entry of "a written guilty plea, [a] request[ for] a trial on the merits in General Sessions Court, and [an] express[] waive[r of the defendant's] right to indictment, presentment, grand jury investigation, and jury trial." *See id.* at 25. In *Hickman*, the record of the underlying judgment contained those facts; in the present case, the warrant form does not. Thus, the defendant's conviction in case number 35471 lacks a presumption of regularity and is invalid on its face unless the separate "rights waiver form" is considered a part of the record in that case.

The record before the court shows that the general sessions court in Knox County typically used the free-standing "rights waiver forms," but testimony established that the waiver practice also included affixing the defendant's signatures to the waiver blanks on the back of the warrant form. Relying upon the departure from this practice in case number 35471, the criminal court effectively held that the undated, un-captioned "rights waiver form" should not be considered a part of the record in that case.

In our view, the trial court's determination involved a mixed question of law and fact. As such, our review of that court's action is de novo. *See, e.g., Serrano v. State*, 133 S.W.3d 599, 603 (Tenn. 2004); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).

The state has argued in its brief that this court, in a case in which the underlying DUI conviction record had been destroyed, has approved of the state's establishing the underlying, counseled conviction through evidence such as the issuing judge's testimony. *See State v. Clever*, 70 S.W.3d 771, 776 (Tenn. Crim. App. 2001). The analogy, however, is unavailing. First, the issue presented in the case before us is not whether the conviction in case number 35471 exists; no one questions the existence of the conviction. Second, the state presented no evidence that addressed the judgment's "defects" as the trial court discerned them. The issuing judge did not testify, and no docket notes were presented.[2]

The only "evidence" presented was the testimony of the deputy general sessions court clerk and, through her, the warrant and rights waiver form found in the clerk's "dead file" for case number 35471. As a means of integrating the rights waiver form into the record, the state relies in part upon the deputy clerk's testimony that the use of the free-standing rights waiver form was a long-standing custom in general sessions court in Knox County; however, the same testimony also established that the general sessions court was accustomed to requiring the defendant to sign the waivers contained on the back of the warrant form, a custom that was *not* followed in case number 35471. The criminal court essentially recognized that the custom was to require signatures on both

---

[2] The fact of a filing of a free-standing waiver form would not be memorialized in a rule docket in case number 35471 because the general sessions court is not a court of record. *See State v. Black*, 897 S.W.2d 680, 682 (Tenn. 1995) ("[I]t is undisputed that a General Sessions court is not a court of record.").

forms, and it declined to recognize the general sessions court's custom in one particular when its concomitant custom in another particular had not been followed. The criminal court concluded that this out-of-custom absence of signatures on the warrant form, along with the separate form's lack of identifying information, belied the regularity of the general sessions court judgment in case number 35471.

Thus, excluding the separate waiver form from consideration, the record supports the criminal court's conclusion that the judgment in case number 35471 is irregular and evinces a lack of jurisdiction of the issuing court,[3] despite that the judgment does not affirmatively indicate the denial of the right to counsel.

In view of the record and the trial court's findings based thereon, we affirm that court's order.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[3] As we have mentioned in this opinion, the basis for collaterally attacking a conviction's efficacy as a recidivism marker is the same basis used for a plenary collateral attack via the writ of habeas corpus. That *basis* is the lack of the issuing court's jurisdiction, which voids the judgment. Even so, the successful *results* of the two types of collateral attacks are not identical. The attack mounted in the present case was limited in scope to disabling the 1997 conviction in case number 35471 as a subsequent sentencing enhancing tool, and that attack method is implicitly authorized by cases such as *McClintock* and *Hickman*. The defendant made no attempt, however, to follow the mandatory statutory procedural requirements for a habeas corpus proceeding, *see* Tenn. Code Ann. §§ 29-21-101, -105, -107 (2000), and accordingly the effect or result of the defendant's attack method in this case does not terminate the existence of the actual judgment in case number 35471.